UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER NICOLE BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 2:25-cv-01339-TLN-CSK<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 2) |

Plaintiff Jennifer Nicole Butler is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I.    **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.    THE COMPLAINT**

Plaintiff brings this Section 1983 action against the following thirteen (13) defendants in their official and individual capacities:  Shasta County, Shasta County Sheriff's Department, Shasta County Sheriff Michael L. Johnson, Shasta County Sheriff Deputy Molly Robert, Shasta County Sheriff Deputy Joshua Hambly, Shasta County District Attorney Stephanie A. Bridgett, Tehama County, Tehama County District Attorney, City of Redding, Redding Police Department, Redding Police Chief Brian Barner, Redding Police Officer Nicholas E. Dalby, and Redding Police Officer Ryan

Frank. Compl. ¶¶ 5-17 (ECF No. 1).

The Complaint alleges what appears to be three separate, unrelated incidents against three different groups of defendants: Tehama County, Shasta County, and City of Redding. First, on December 17, 2012, Defendant Tehama County District Attorney allegedly maliciously prosecuted Plaintiff for failing to appear in court in violation of the Fourth and Fourteenth Amendments. *Id*. ¶ 25. Plaintiff alleges she missed a November 13, 2012 court date, but did not do so on purpose. *Id*. On April 22, 2013, Defendant Tehama County District Attorney allegedly falsified a plea bargain for the failure to appear charge, "placing Plaintiff on probation without her knowledge" in violation of the Sixth and Fourteenth Amendments. *Id*. ¶ 26. Plaintiff alleges that because she was unaware "of these proceedings and the sentencing," she "had no awareness of the need to check in with probation," leading to the issuance of a warrant by the Defendant Tehama County District Attorney. *Id*. ¶ 27. Plaintiff alleges the warrant led to her employment termination. *Id*.

Second, on October 8, 2022, Defendants Shasta County Sheriff Deputies Roberts and Hambly allegedly violated Plaintiff's Fourth Amendment right "by executing an unlawful search and seizure of Plaintiff's private property, entering the property through a closed fence without a search warrant, without consent, and absent exigent circumstances." Compl. ¶ 18. Defendants Roberts and Hambly allegedly used excessive force, tackling Plaintiff to the ground and placing handcuffs tightly on her. *Id*. ¶ 19. Defendants Roberts and Hambly "pressure[ed] and coerc[ed] victim Bruce Henderson Miller to make a false identification of Plaintiff" in violation of the Fourteenth Amendment, and used this information to falsely imprison and arrest Plaintiff. *Id*. ¶¶ 21-22. The Complaint alleges that on October 5, 2023, Defendant Shasta County District Attorney Bridgett filed charges against Plaintiff without probable cause in violation of the Fourth and Fourteenth Amendments. *Id*. ¶ 23.

Third, the Complaint further alleges that on January 23, 2024, Defendants Redding Police Officers Dalby and Frank used excessive force on Plaintiff when they

3

"yanked" her out of the vehicle, slammed her against the vehicle, and placed handcuffs tightly on her. *Id*. ¶ 24.

As relief, Plaintiff seeks $5 million in compensatory damages and $10 million in punitive damages. *Compl*. ¶¶ 37-39.

## III.  DISCUSSION

The Complaint alleges the following claims pursuant to 42 U.S.C. § 1983: (1) an unlawful search and seizure claim against Defendants Shasta County Sheriff Deputies Roberts and Hambly based on a October 8, 2022 incident in violation of the Fourth Amendment (*Id*. ¶¶ 18, 35); (2) an excessive force claim against Defendants Roberts and Hambly during the October 8, 2022 incident (*Id*. ¶¶ 19, 36); (3) a false imprisonment claim on October 8, 2022 against Defendants Roberts and Hambly based on their coercion of a victim to falsely identify Plaintiff in violation of the Fourteenth Amendment (*Id*. ¶¶ 21-22); (4) a false arrest claim on October 8, 2022 against Defendants Roberts and Hambly based on the same victim coercion in violation of the Fourteenth Amendment (*Id*. ¶¶ 21-22); (5) a malicious prosecution claim against Defendant Shasta County District Attorney Bridgett occurring on October 5, 2023 in violation of the Fourth and Fourteenth Amendments (*Id*. ¶ 23); (6) a malicious prosecution claim against Defendant Tehama County District Attorney for a failure to appear in court in violation of the Fourth and Fourteenth Amendments occurring in November 2012 - April 2013 (Compl. ¶¶ 25-27); and (7) an excessive force claim against Defendants Redding Police Officers Dalby and Frank during a January 23, 2024 encounter (*Id*. ¶ 24). The Complaint alleges the malicious prosecutions by Shasta and Tehama Counties were "in retaliation for Plaintiff's threat to file legal recourse against the County, the County Family Court, and Child Protective Services." Compl. ¶ 31. The Complaint further alleges that the local government entity defendants (Shasta County, Tehama County, Shasta County Sheriff's Department, and the Redding Police Department) "failed to adopt clear policies and failed to train on these policies." *Id*. ¶ 32.

///

### A. Section 1983 Standards

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). That is, a plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

### B. Municipal Liability (*Monell* Claims)

Plaintiff names five municipal entity defendants: Shasta County, Shasta County Sheriff's Department, Tehama County, City of Redding, and Redding Police Department. *See* Compl. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must

show that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the Complaint does not sufficiently allege facts to support a *Monell* claim against any of the municipal defendants. Besides naming the City of Redding as a defendant, the Complaint makes no specific allegations against the City of Redding. *See Compl*. As to the remaining four municipal defendants, the Complaint makes the following conclusory allegation: "Defendants County of Shasta, County of Tehama, Shasta County Sheriffs Department, Redding Police Department failed to adopt clear policies and failed to train on these policies, both the awareness of the policies and how to implement those policies causing Plaintiffs Fourth and Fourteenth Amendments to be egregiously violated." Compl. ¶ 32. Such conclusory allegations are insufficient to state a *Monell* claim. *See Western Mining Council*, 643 F.2d at 624. Therefore, the claims against all entity defendants (Shasta County, Shasta County Sheriff's Department, Tehama County, City of Redding, and Redding Police Department) are dismissed without prejudice.

**C.     Unrelated Claims:  Tehama County and Redding Defendants**

As described above, the Complaint alleges claims against three different groups of defendants:  Shasta County (claims one through five), Tehama County (claim six), and City of Redding (claim seven). Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; *see also Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissal under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Where parties have been misjoined, the court may dismiss a party or sever the claims against that party. Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846-47 (3d Cir. 2006)). Because 42 U.S.C. § 1983 does not have its own statute of limitations, district courts apply California's statute of limitations for personal injury actions and California's laws regarding equitable tolling, except to the extent any of these laws is inconsistent with federal law. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for personal injury actions is two years. *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004).

Here, the Complaint's primary allegations focus on the October 2022 incident involving the Shasta County defendants (claims one through four) and a October 2023 prosecution (claim five). The Complaint's claims against the other two sets of defendants

are not related factually, by date, or by involved parties.

First, the malicious prosecution claim against Defendant Tehama County District Attorney based on conduct from November 2012 - April 2013 (claim five) is unrelated based on the underlying facts and parties allegedly involved. *See* Compl. ¶¶ 25-27. Further, because the Complaint does not state a cognizable claim against Defendant Tehama County District Attorney or Defendant Tehama County, the Court finds that severance is inappropriate. It is also unclear whether this claim is brought against the head of the office (the District Attorney), or against a non-supervisory and unnamed individual. To the extent the claim is alleged against the Tehama County District Attorney, the Complaint fails to sufficiently plead a Section 1983 where the Complaint does not sufficiently allege supervisory liability. *See Iqbal*, 556 U.S. at 679. To the extent this claim is brought against an unnamed, non-supervisory individual, the Complaint's allegations are insufficient to put prospective defendants on notice of their alleged actions or omissions that Plaintiff claims violate her federal rights. The Court further notes that the Complaint alleges malicious prosecution for Plaintiff's failure to appear, while also alleging that Plaintiff did actually fail to appear in court. *See Compl.* ¶ 25. The Court further notes that Plaintiff's Section 1983 claim based on conduct from November 2012 - April 2013 is untimely by approximately ten years.

Second, the excessive force claim against Defendants Redding Police Officers Dalby and Frank arising out of a January 2024 encounter (claim seven) are not related to the October 2022 incident involving Shasta County Sheriff's Deputies. *Compare Compl.* ¶ 24, *with id*. ¶¶ 18, 21-23. In addition, given the two year statute of limitations for § 1983 claims (even without any potential equitable tolling), Plaintiff will not be prejudiced by the dismissal of these unrelated January 2024 claims, without prejudice, from this action.

Accordingly, the Court dismisses without prejudice Plaintiff's unrelated claims against Defendant Tehama County District Attorney (claim six) and against Defendants Redding Police Officers Dalby and Frank (claim seven). Plaintiff may elect to file her § 1983 excessive force claim against Dalby and Frank based on the January 23, 2024

incident in a separate lawsuit. Plaintiff is warned that unless the two year statute of limitations is tolled, any such lawsuit must be filed by January 23, 2026. As to the malicious prosecution claim against Defendant Tehama County District Attorney, Plaintiff should only re-file this claim in a separate lawsuit if Plaintiff can sufficiently plead facts to overcome the time bar, facts to establish supervisory liability, and facts alleging the required elements of a malicious prosecution claim.

### D. Claims Against Shasta County Defendants

The Complaint alleges five Section 1983 claims against the Shasta County Defendants: (1) a Fourth Amendment unlawful search and seizure claim against Defendant Deputies Roberts and Hambly based on the October 8, 2022 incident (Compl. ¶¶ 18, 35); (2) a Fourth Amendment excessive force claim against Roberts and Hambly during the October 8, 2022 incident (*Id*. ¶¶ 19, 36); (3) a false imprisonment claim October 8, 2022 against Roberts and Hambly based on their coercion of a victim to falsely identify Plaintiff (*Id*. ¶¶ 21-22); (4) a false arrest claim October 8, 2022 against Defendants Roberts and Hambly based on this same coercion (*Id*. ¶¶ 21-22); and (5) a malicious prosecution claim against Defendant Shasta County District Attorney Bridgett for "filing charges without probable cause and continuing to pursue charges" on or about October 5, 2023 (*Id*. ¶ 23).

The Complaint was filed on May 12, 2025. Compl. The alleged search, seizure, arrest, and imprisonment occurred on October 8, 2022. Under the two-year limitations period for Section 1983 claims, Plaintiff had until October 8, 2024 to file her Section 1983 claims based on this incident. *See Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019) (Section 1983 claims for unlawful stop and detention, false arrest, and false imprisonment accrued on the date the search was conducted and plaintiff was arrested); *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55; Cal. Civ. Proc. Code § 335.1. The Complaint does not allege any facts to suggest equitable tolling. *See* Compl. Therefore, the Section 1983 claims based on the October 8, 2022 incident are untimely (claims one through four) and are dismissed as time barred. *See Lopez v. City of Santa*

*Ana*, 698 F. App'x 401 (9th Cir. 2017) (affirming dismissal of pro se plaintiff's Section 1983 and 1985 claims for false arrest and false imprisonment as untimely where they were filed more than two years after the claims accrued). Because it is conceivable that Plaintiff may be able to allege facts to justify equitable tolling or some other tolling of the limitations period (e.g., statutory tolling for an individual who is imprisoned on a criminal charge during the limitations period, etc.), the Court will dismiss these claims without prejudice. The Court notes that if Plaintiff amends in an effort to plead cognizable claims, the amended complaint must plead additional facts, including facts regarding tolling of the limitations period; whether there was probable cause for the search, seizure, arrest, and/or imprisonment; and facts regarding the alleged imprisonment (e.g., when plaintiff was released, etc.).

The Section 1983 malicious prosecution claim against Defendant Bridgett (claim five) is timely. The Complaint alleges: "On or about the 5th day of October 2023, Defendant Bridgett willfully, intentionally, and knowingly violated Plaintiffs Fourth and Fourteenth Amendments rights by filing charges without probable cause and continuing to pursue charges whereby Defendant's actions equate to malicious prosecution." Compl. ¶ 23. Though timely, these allegations are conclusory and insufficient to plead a malicious prosecution claim. *See* Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678. The Complaint fails to allege facts regarding required elements for a malicious prosecution claim including facts about the underlying prosecution, whether the prosecution terminated in Plaintiff's favor, and whether Defendant Bridgett prosecuted Plaintiff to deny her a specific constitutional right. *See Thompson v. Clark*, 596 U.S. 36, 39 (2022) (holding that the "favorable termination of the underlying criminal prosecution" element of a § 1983 malicious prosecution claim "need only show that the criminal prosecution ended without a conviction," not "that the criminal prosecution ended with some affirmative indication of innocence"); *Mills*, 921 F.3d at 1169 (affirming dismissal of § 1983 malicious prosecution claim). For example, it is unclear from the Complaint what underlying conduct Plaintiff was prosecuted for, though the organization of the Complaint

suggests the prosecution was related to the October 8, 2022 arrest. *See* Compl. The Court dismisses the malicious prosecution claim against Defendant Bridgett with leave to amend.

### E. Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state Section 1983 claims against Defendants Roberts, Hambly, and Bridgett, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. *See* Fed. R. Civ. P. 8. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time

11

"preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012). The amended complaint should be titled "First Amended Complaint."

## IV.  CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice with leave to amend; and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated:  August 28, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/butl.1339.25_ifp