UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER NICOLE BUTLER, | Case No. 2:25-cv-01339-TLN-CSK |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | (ECF No. 8) |
| Defendants. | |

Plaintiff Jennifer Nicole Butler is representing herself in this action and has filed two amended complaints. (ECF Nos. 7 & 8.) On August 28, 2025, the Court granted Plaintiff's request to proceed in forma pauperis and dismissed the complaint with leave to amend within 30 days. (ECF No. 4.) The Court subsequently granted Plaintiff an extension to file her amended complaint by December 5, 2025. (ECF No. 6.) As it appears Plaintiff intends to proceed on the First Amended Complaint ("FAC") filed on March 5, 2026 and dated January 5, 2026 (ECF No. 8, the Court will screen that complaint and disregard the earlier filing at ECF No. 7. For the reasons that follow, the Court recommends that the FAC be dismissed without leave to amend for failure to state a claim.

/ / /

1

## I.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

/ / /

2

## II.    DISCUSSION

Plaintiff brings this Section 1983 action against the following seven (7) defendants: County of Shasta, the Shasta County Sheriff's Department, Shasta County Sheriff Michael Johnson, Shasta County Deputies Joshua Hamby and Molly Roberts, Shasta County District Attorney Stephanie Bridgett, and Shasta County Deputy District Attorney Dawn Becker.[1] Plaintiff alleges that defendants, acting under color of state law, violated her rights under the Fourth, Eighth, and Fourteenth Amendments. (FAC, ¶¶ 1.)

The claims stem from an incident on October 8, 2022, when defendants Roberts and Hambly allegedly "entered plaintiff's property through a secured gate without permission [and] without a search warrant" and began searching "with firearms drawn." (Id., ¶¶ 21-22.) After telling plaintiff to "drop her weapons," consisting of a hammer and a block of wood she was using to install flooring, Roberts and Hambly "rushed plaintiff, tackling her to the floor" and injuring her arm, shoulder, hip, and leg. (Id., 23.) Prior to that day, the County of Shasta allegedly failed to equip its vehicles with recording technology and its deputies with body cameras; it also allegedly failed to adequately train staff on warrantless searches and use of force. (Id., ¶¶ 12-16. ) Sheriff Johnson allegedly failed to investigate the October 8, 2022 incident. (Id., ¶¶ 17-18.) Plaintiff asserts that Roberts, Hambly, Johnson, and Shasta County violated her Fourth Amendment rights against unreasonable search and seizure and her Eighth Amendment rights against use of excessive force. (Id., ¶¶ 51-53.)

Plaintiff further alleges that in April 2024, Roberts and Hamby coerced a witness to falsely identify her and subjected her to false arrest and false imprisonment, violating her constitutional right to due process. (Id., ¶¶ 26-29.)

Plaintiff's claims against prosecutors Bridgett and Becker stem from their charging plaintiff with resisting arrest and brandishing a weapon in the October 2022 incident; the weapon charge was later dismissed. (Id., ¶¶ 30-33.) However, "plaintiff continues to face

---

[1] All defendants except Becker were named in the original complaint dismissed on August 28, 2025. (ECF No. 4.)

3

prosecution" for one count of resisting arrest in the October 2022 incident. (Id., ¶ 35. ) Plaintiff asserts that Bridgett and Becker violated her constitutional right to access the courts and her right to due process of law. (Id., ¶¶ 49-50.)

### A. Federal Rule of Civil Procedure 8

Plaintiff's FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's FAC reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678. While this problem infects the entire complaint, the Court discusses the FAC's deficiencies in pleading particular claims below.

### B. Failure to State a Claim

Plaintiff's FAC fails to state a claim against any defendant under Section 1983. 42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintif's brief and conclusory allegations against the individual defendants do not suffice to show unconstitutional conduct under Section 1983.

As to Defendant Shasta County, plaintiff's general and conclusory allegations in the FAC do not "show that a 'policy or custom' led to plaintiff's injury." *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under Monell, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The FAC does not allege specific facts to meet these elements, and plaintiff's *Monell* claim is subject to dismissal.

Moreover, as explained in the August 28, 2025 order screening Plaintiff's original complaint, the Section 1983 claims based on the October 8, 2022 incident are untimely absent a showing of equitable tolling. (ECF No. 4 at 9-10.)  Plaintiff has not "[pled] additional facts, including facts regarding tolling of the limitations period" for these claims (ECF No. 4 at 10), which are subject to dismissal for untimeliness in addition to failure to meet the pleading requirements under Federal Rule of Civil Procedure 8.

As to the due process claims against Defendants Bridgett and Becker, the FAC does not explain how these defendants denied Plaintiff her constitutional right of access to the courts or caused her constitutional injury by prosecuting her for resisting arrest. In its August 28, 2025 screening order, the Court noted that Plaintiff "fails to allege facts required regarding the elements for a malicious prosecution claim, including facts about the underlying prosecution, whether the prosecution terminated in Plaintiff's favor, and whether Defendant Bridgett prosecuted Plaintiff to deny her a specific constitutional right." (ECF No. 4 at 10.)  The FAC does not cure these deficiencies or allege facts sufficient to state a Section 1983 claim against these defendants.

Finally, insofar as Plaintiff's malicious prosecution claim concerns ongoing state court proceedings, it is barred by the *Younger* abstention doctrine. Federal courts are generally required to abstain from interfering with ongoing state court proceedings.

*Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Abstention of the federal court is required under *Younger* when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citations omitted). The FAC suggests there are ongoing state proceedings on the charges that are the subject of Plaintiff's malicious prosecution claim. (*See, e.g.*, FAC, ¶ 35 ("Plaintiff continues to face prosecution for two counts of resisting arrest . . .")). The federal court must abstain from interfering with these proceedings, which provide an adequate opportunity to raise constitutional challenges. In sum, all claims in the FAC should be dismissed.

### C.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, the Court provided Plaintiff a detailed explanation of the deficiencies in her original complaint and granted leave to amend. Despite this, Plaintiff has been unable to

cure the deficiencies and allege sufficient facts to state a claim against any defendant. Accordingly, the Court finds that further amendment would be futile. The FAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

## III.   CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.     Plaintiff's First Amended Complaint (ECF No. 8) be DISMISSED without leave to amend; and

2.     The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/butl1399.fac.f&rs

7